## SACRAMENTO SUBURBAN FRUIT LANDS COMPANY, a Corporation, v. C. A. WAGNER.*

### No. 5854.

Circuit Court of Appeals, Ninth Circuit.

May 19, 1930.

Butler, Van Dyke, Desmond & Harris, of Sacramento, Cal., and E. P. Kelly, of Minneapolis, Minn., for appellant.

Ralph H. Lewis and George E. McCutchen, both of Sacramento, Cal., and Otis D. Babcock, of Sacramento, Cal., for appellee.

Before DIETRICH and WILBUR, Circuit Judges, and NORCROSS, District Judge.

DIETRICH, Circuit Judge.

In its general features the case is like Sacramento Suburban Fruit Lands Co. v. Tatham (C. C. A.) 40 F.(2d) 894, this day decided, and was tried below at substantially the same time. The assignment involving the ruling upon an identical challenge to the District Judge's qualifications is covered by our decision in that case.

Following negotiations with defendant's agents in Duluth, Minn., where he formerly resided, plaintiff (appellee) came to Sacramento on August 17, 1923, and after a brief inspection he entered into a contract with defendant, on the next day, for the purchase of five acres of the Rio Linda tract for $350 per acre. He alleges that he was so induced by false and fraudulent representations touching the value of the land and its suitability for fruit raising. He further alleges that had the land been as represented, it would have been worth that price but that, because the land was wholly unsuited to the growing of fruit, it was not of a value in excess of $50 per acre. He further avers that relying upon such representations he expended for buildings and other improvements $3,-900. He offered no evidence of damages under this last item, and touching the value of the land the lowest figure put upon it by any witness was $300, and the court advised the jury that if they found that plaintiff should recover at all, they should award him the difference between the contract price and the actual or marketable value of the land, which difference, in the most extreme view of the evidence, could not exceed $1,450. Nothing

was said about interest and plaintiff took no exception to the instructions nor did he suggest any addition to or modification thereof. And yet upon such a record the jury brought in a verdict of $2,500, for which amount the court ordered judgment. We do not stop to consider whether defendant took such steps in the court below that it may here demand that a verdict so manifestly erroneous be set aside for we are of the opinion that the instructions as a whole are within the rule of Sacramento Fruit Lands Co. v. Parker (C. C. A.) 36 F.(2d) 926, and upon that ground alone the judgment must be reversed. We do not deem it necessary to discuss the other numerous assignments for they either involve incidents which are not likely to occur in a new trial or are in principle sufficiently covered by our decisions in other cases of the group.

Reversed, with directions to grant a new trial.